UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **RODNEY DUPAS**<br>    **LA. DOC #312061**<br>**VS.** | **CIVIL ACTION NO. 3:12-cv-0321**<br><br>**SECTION P**<br><br>**JUDGE ROBERT G. JAMES** |
| **WARDEN ALVIN JONES** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Rodney Dupas filed the instant petition for writ of *habeas corpus* on December 22, 2011. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections; he is incarcerated at the Riverbend Detention Center, Lake Providence. Petitioner attacks his 2007 convictions for first degree robbery and attempted forcible rape and the concurrent sentences of 12 years imposed by Louisiana's Sixth Judicial District Court, East Carroll Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

*Background*

On May 2, 2005, petitioner was indicted by the East Carroll Parish Grand Jury and charged with aggravated burglary, aggravated rape, armed robbery, and possession of a firearm by a convicted felon. [Doc. 1, p. 27] On September 25, 2007, pursuant to a plea agreement, the armed robbery count was amended to charge first degree robbery and the aggravated rape count was amended to charge attempted forcible rape; the counts charging aggravated burglary and possession

of a firearm by a convicted felon were dismissed. Petitioner pled guilty to the first degree robbery and attempted forcible rape charges and in accordance with the plea agreement he was sentenced to serve concurrent 12 years on each count. [Doc. 1, pp. 49-50 (plea agreement), p. 51 (Court Minutes); p. 27 (Indictment showing amendments)] Petitioner did not appeal his conviction or sentence. [Doc. 1, p. 13][1]

On February 11, 2009, he filed a *pro se* Motion for Clarification of Sentence in the Sixth Judicial District Court. He inexplicably asked the court to order concurrent sentences. [Doc. 1, pp. 44-46] On February 25, 2009, the District Judge, noting that the sentences previously imposed were in fact ordered to be served concurrently, denied the motion. [Doc. 1, p. 48]

On March 25, 2009, he filed an application for post-conviction relief in the Sixth Judicial District Court raising claims of ineffective assistance of counsel; he also claimed that his plea was involuntary. [Doc. 1, pp. 12-19; 36-43] On April 21, 2009, the District Court addressed the merits of petitioner's claims and denied and dismissed the application for post-conviction relief. [Doc. 1, pp. 32-35]

On November 18, 2010, petitioner filed a *pro se* Motion to Vacate Illegal Sentence and Conviction in the Sixth Judicial District Court. In this pleading he alleged that his convictions for attempted forcible rape and first degree robbery violated the Constitution's prohibition against double jeopardy. [Doc. 1, pp. 20-26]

---

[1] The petitioner, of course, waived his right to appeal by pleading guilty. Under Louisiana law, and subject to certain exceptions, a guilty plea normally results in the waiver of a defendant's right to appeal non-jurisdictional defects in the proceedings prior to the plea. See *State v. Crosby*, 338 So.2d 584 (La.1976). Further, it appears that the petitioner agreed to the imposition of the concurrent 12 year sentences as part of the plea bargain. La. C.Cr.P. art. 881.2(A)(2) provides: "The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea."

On some unspecified date petitioner filed an application for supervisory writs in the Second Circuit Court of Appeals. In this pleading he argued ineffective assistance of counsel and prosecutorial misconduct. [Doc. 1, pp. 28-30] The Second Circuit apparently denied relief in an order assigned Docket Number 45,736-KH. Petitioner sought and obtained an extension on the time for seeking writs in the Louisiana Supreme Court. [Doc. 1, p. 5] On October 7, 2011, the Supreme Court denied writs citing La.C.Cr.P. art. 930.8; *State ex rel. Glover v. State*, 93–2330 (La.9/5/95), 660 So.2d 1189, and, *State v. Parker*, 98–0256 (La.5/8/98), 711 So.2d 694. *State of Louisiana ex rel. Rodney E. Dupas v. State of Louisiana*, 2010-2210 (La. 10/7/2011), 71 So.3d 303.[2]

Petitioner filed the instant petition for *habeas corpus* in the United States District Court for the Eastern District of Louisiana on December 22, 2011. On January 27, 2012, the petition was transferred to this Court. [Docs. 4-5] Petitioner argued a single claim of ineffective assistance of counsel.

*Law and Analysis*

*1. Limitations*

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In Re Smith,* 142 F.3d 832, 834, citing *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481

---

[2] La. C.Cr.P. art. 930.8 provides a 2-year period of limitations reckoned from finality of judgment within which to file an application for post-conviction relief. In *Glover*, the Supreme Court held that even if the lower courts reached merits of an untimely filed application for post-conviction relief the appellate courts are not precluded from invalidating those applications on the basis of art. 930.8's time bar. In *Parker*, the Supreme Court instructed that post-conviction claims, even if raised in a motion to correct illegal sentence, are subject to the limitations period described in art. 930.8.

(1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[3]

However, the statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner did not appeal his conviction and sentence. For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by ... the expiration of the time for seeking [direct] review" [28 U.S.C. §2244(d)(1)(A)], thirty days following September 25, 2007(the date that

---

[3] Nothing in the record before the court suggests that any State created impediments prevented the filing of the petition. Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Finally, nothing in the record suggests that the factual predicate of petitioner's claims was only recently discovered. Thus, the limitations period should not be reckoned from the events described in 28 U.S.C. § 2244(d)(1)(B), (C), and (D).

petitioner pled guilty and was sentenced in accordance with the plea agreement)[4] or, on or about October 25, 2007. Under § 2244(d)(1) petitioner had one year from that date, or until October 25, 2008 to file his federal *habeas* petition.

Petitioner cannot rely on the statutory tolling provision of §2244(d)(2) because he did not file his first collateral attack in the state courts until February and March 2009 and by that time the 1-year AEDPA limitations period had already long expired. Neither those filings, nor any of his subsequent filings in the District Court, the Second Circuit Court of Appeals, or the Louisiana Supreme Court could toll the limitations period since these proceedings were filed after the AEDPA limitations period had already expired. As stated above, any lapse of time before the filing of his otherwise timely application for post-conviction relief must be counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Since a period of more than one un-tolled year elapsed between the date that petitioner's conviction became final and the date that his federal suit was filed, his federal *habeas corpus* claims are barred by the timeliness provisions codified at 28 U.S.C. §2244(d).

*2. Equitable Tolling*

The AEDPA's one-year limitation period is subject to equitable tolling but, only in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); see also *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158

---

[4] See La. C.Cr.P. art. 914(b)(1) which provides, "The motion for an appeal must be made no later than [t]hirty days after the rendition of the judgment or ruling from which the appeal is taken."

F.3d at 811)). As recently noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor even lack of representation during the applicable filing period merits equitable tolling. See *Turner v. Johnson*, 177 F.3d 390, 291 (5th Cir.1999); see also *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (age discrimination case). Here, although provided the opportunity to do so, petitioner failed to show that some "extraordinary circumstance stood in his way and prevented timely filing." *Mathis v. Thaler*, 616 F.3d 461, 474–75 (5th Cir.2010). The alleged extraordinary circumstances implied by petitioner, such as ignorance of the law, the temporary denial of access to research materials or the law library, and inadequacies in the prison law library, are not sufficient to warrant equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171–72 (5th Cir.2000); *Scott v. Johnson*, 227 F.3d 260, 263 & n. 3 (5th Cir.2000).

In short, the circumstances alleged herein are not extraordinary enough to qualify for equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is <u>actively misled by the defendant</u> about the cause of action <u>or is prevented in some extraordinary way from asserting his rights</u>." *Coleman v. Johnson*, 184 F.3d 398, 402 (1999), *cert. denied,* 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996) (emphasis supplied). The pleadings do not suggest that petitioner was "actively misled" nor do they suggest that he was prevented in any way from asserting his rights.

6

*Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2).

**A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, March 13, 2012.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE