RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 4/10/12

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

| | |
|---|---|
| RODNEY DUPAS<br>LA. DOC #312061 | CIVIL ACTION NO. 12-0321 |
| VERSUS | SECTION P |
| | JUDGE ROBERT G. JAMES |
| WARDEN ALVIN JONES | MAGISTRATE JUDGE KAREN L. HAYES |

## RULING

*Pro se* petitioner Rodney Dupas ("Dupas") filed the instant Petition for Writ of *Habeas Corpus* on December 22, 2011. On March 13, 2012, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 7] in which she recommended that the Court dismiss Dupas' Petition as time-barred by the provisions of 28 U.S.C. §2244(d).

Dupas did not timely file separate objections to the Report and Recommendation. However, on March 23, 2012, the Clerk of Court received and filed his Application for Certificate of Appealability. [Doc. No. 8]. In that pleading, Dupas states that

> under equitable tolling he was justifiably late in filing Court proceedings because he was prevented by the Clerk of Court from filing his post conviction any sooner than he did. The Clerk of Court of 6th Judicial District Court Parish of East Carroll did not forward petitioners[sic] Motion for production of documents on time. See copy Notice of Motion for Production of Documents attached to this form.

[Doc. No. 8, p. 1 and attachment].

To the extent that Dupas objects to the Magistrate Judge's Report and Recommendation, he failed to demonstrate that equitable or statutory tolling may apply. He conclusorily claims that his motion for production of documents was not timely forwarded, but the

only evidence of this claim is a notice from the Sixth Judicial District Court showing that he filed a motion for production of documents on August 4, 2008. Dupas fails to explain or offer evidence of how the Sixth Judicial District Court's alleged failure to forward his motion prevented him from filing his application for post conviction relief raising a claim of ineffective assistance of counsel until March 25, 2009.

Further, the one-year statute of limitations under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") had already run 9 ½ months between the time his conviction became final and the time he filed the motion for production of documents in state court. *Villegas v. Johnson*, 184 F.3d 467, 468 (5th Cir. 1999). A review of the record in this matter clearly indicates that more than 2 ½ additional months passed between the Sixth Judicial District Court's denial of his application for post-conviction relief on April 21, 2009, and his next post-conviction filing on November 18, 2010. Therefore, even if state action initially prevented him from filing an application for post-conviction relief which raised his claim of ineffective assistance of counsel, he failed to timely file his federal Petition for Writ of *Habeas Corpus* within the 2 ½ months remaining in the limitations period.

Thus, for the reasons stated in the Report and Recommendation of the Magistrate Judge, which is ADOPTED by this Court, and those additional reasons set forth in this Ruling, Dupas' Petition is DENIED and DISMISSED WITH PREJUDICE as time barred.

MONROE, LOUISIANA, this __10__ day of __April__, 2012.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE